## Assigned Estate of Abraham Bitner and Wife. Appeal of Robert J. Houston.

*Equity—Marshaling assets—Judgments—Mechanics' liens.*

Five judgments were liens upon two lots of land owned by the same person. The owners of the four junior judgments released one of the lots from the lien of their judgment. The owner erected upon the lot thus released certain buildings against which mechanics' liens were filed. Both lots were subsequently sold by an assignee for the benefit of creditors. *Held*, (1) that in the distribution of the proceeds the mechanic's lien creditors had an equitable interest in the proceeds of the lot released superior to that of the four judgment creditors who had released the lien of their judgments from it; (2) that the existence of the mechanics' liens prevented the junior creditors from requiring the senior judgment creditor to resort to his lien upon the lot released in aid of the judgments of the junior creditors.

Argued May 20, 1896. Appeal, No. 264, Jan. T., 1896, by Robert J. Houston, assignee, from order of C. P. Lancaster Co., Trust Book 14, page 222, confirming report of auditor. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of auditor.

The facts appear by the supplemental report of M. FRANKLIN HALL, Esq., the auditor, which was as follows :

The only question to be considered in this report is as to the distribution of the fund by the assignee in his account which was derived by the sale of the " New Greenhouse Tract " and the " Eastern Tract," as they are designated in paragraph 8 of the original report.

On these two tracts of land the following judgments against Abraham Bitner were liens, to wit :

D. B. Hostetter's executors, entered July 30, 1883     $3,469.31
John D. Skiles, entered July 30, 1883     .     .     . 2,092.45
C. A. Bitner's admins., entered July 30, 1883     .     3,324.48
Robert J. Houston, entered Dec. 12, 1891     .     . 5,800.00
L. C. Eaby, entered Dec. 14, 1891     .     .     . 1,743.75
Robert J. Houston, entered Nov. 3, 1892     .     .     . 5,600.00

And these judgments were regularly revived from time to time.

On the 2d day of July, 1892, John D. Skiles, Chas. A. Bitner's administrator, Robert J. Houston, as to judgment entered December 12, 1891, and L. C. Eaby, four of the holders of the above judgments, by agreement in writing with Abraham Bitner, released from the lien effect and operation of their judgments the " New Greenhouse Tract." D. B. Hostetter's executors refused to release said tract from the lien of their above described judgment.

After the aforesaid agreement had been signed by the aforesaid holders of the said four judgments, Abraham Bitner commenced the erection of seven new greenhouses on the above tract of land so released, and afterwards mechanics' liens as hereinafter stated were filed against the said greenhouses. . . .

The net proceeds of the " Eastern Tract," according to paragraph 13 of the original report, were $8,822.17, and of the " New Greenhouse Tract," according to paragraph 5 of the original report, were $2,385.

The assignee in his account distributed all of the proceeds of this assigned estate except a balance of $400 which is personal property. He appropriated the whole of the fund realized from the " New Greenhouse Tract " to paying the Hostetter judgment, and the mechanics' liens received nothing. The balance of the

fund realized from the "Eastern Tract" after the Hostetter judgment was paid in full was appropriated to pay the judgments of Skiles, Bitner's administrators, and Robert J. Houston, as far as the fund reached.

This distribution your auditor affirmed in his former report for the reasons there given by him. But by opinion of the court of common pleas aforesaid filed October 7, 1895, this distribution was declared error and, therefore, in accordance with said opinion your auditor submits the following distribution :

| | | |
|---|---|---:|
| Net balance as shown by former report for distribution among creditors as personal fund | . . | $99.87 |
| From which deduct costs of audit | . . . | $99.87 |

The following mechanics' liens were presented and all are allowed by your auditor, together with interest from the date of filing to August 21, 1893, the date of confirmation of the sale of the New Greenhouse Tract, sold under the act of February 17, 1876.

| | | |
|---|---|---:|
| J. M. Eckman, claim and interest | . . . | $ 67.66 |
| Peter Zeigler | . . . . . . | 473.80 |
| William Wohlsen | . . . . . . | 471.15 |
| Lancaster Planing Mill Company | . . | 264.44 |
| Total | . . . . . . | $1,277.05 |

The judgment held by D. B. Hostetter's executors for $3,469.31 was a first lien on the "New Greenhouse Tract" and on the "Eastern Tract," as against other judgments. The "New Greenhouse Tract" was sold for $2,385, and the net proceeds of the "Eastern Tract," after paying prior mortgages, was $8,822.17. In accordance with the aforesaid opinion of the court of common pleas, instead of appropriating the whole proceeds of the "New Greenhouse Tract" to paying the Hostetter judgment, the auditor apportions the Hostetter judgment out of the two funds as follows, to wit:

| | | |
|---|---|---:|
| Out of the "Eastern Tract" | . . . . | $2,731.18 |
| Out of the "New Greenhouse Tract" | . | 738.13 |
| | | $3,469.31 |

Thus leaving a balance of the "New Greenhouse Tract" of $1,646.87.

From which deduct amount of the above named mechanics'

liens leaves $369.82 for subsequent lien creditors, which added to the balance of the fund of the "Eastern Tract" left, after paying its proportionate share of the Hostetter judgment, $6,090.99, makes a total for distribution among the subsequent liens on the "Eastern Tract" of $6,460.81.

This is awarded as follows:

| | |
|---|---:|
| To John D. Skiles' judgment . . . | $2,092.45 |
| C. A. Bitner's administrator's judgment . | 3,324.48 |
| Robt. J. Houston's judgment, Dec. 12, 1891 . | 1,043.88 |
| | $6,460.81 |

But as the assignee has distributed the whole estate in his account and made no provision for the payment of the foregoing mechanics' liens the auditor surcharges the said Robert J. Houston, assignee as aforesaid, in accordance with the aforesaid opinion of the court, with the sum or amount due the several mechanics' liens, to wit, $1,277.05.

And distributes said surcharges as follows:

| | |
|---|---:|
| To J. M. Eckeman . . . . . | $ 67.66 |
| Peter Ziegler . . . . . . | 473.80 |
| William Wohlsen . . . . . . | 471.15 |
| Lancaster Planing Mill Company . . | 264.44 |
| | $1,277.05 |

Exceptions to the supplemental report were overruled and a decree entered awarding distribution in accordance with the report.

*Error assigned* was above order.

*W. F. Beyer*, for Robert J. Houston, assignee, appellant.— It is a principle of equity that a person having two funds shall not by his choice disappoint another having only one. The latter may be permitted to stand in the place of the former: Case of Olympic Theatre, 2 Browne, 284; Ramsay's App., 2 Watts, 228; Hasting's Case, 10 Watts, 303.

These equities existed in favor of the judgments of Skiles and others before the mechanic's lien claimants came upon the scene; prior in tempore potior in jure: McDevitt's App., 70 Pa. 377; Trickett on Liens, sec. 804; Devor's App., 13 Pa. 413.

A lien creditor may release part of a tract without incurring any responsibility to later lien holders unless they expressly notify him not to release. The entry of their liens is not such notice: Taylor v. Maris, 5 Rawle, 51; Horning's App., 90 Pa. 388.

It has been held that where a judgment creditor did not revive against all the land originally bound by his judgment, junior liens could not complain: Conrad's App., 11 W. N. C. 521; McIlvaine v. Mut. Assurance Co., 93 Pa. 35.

The same rule applies where the judgment is entered in two counties and it is postponed in one: Quakertown B. & L. Assn. v. Sorver, 33 Leg. Int. 359; Snyder v. Crawford, 98 Pa. 421.

In marshaling assets we must consider the older incumbrances as the first step: Robeson's App., 117 Pa. 628.

It is a mistake to suppose that mechanics' liens have superior equities over other liens: Knouf's App., 91 Pa. 81; Kendig v. Landis, 135 Pa. 612; Blank's App., 6 W. N. C. 25.

*George A. Lane, George Nauman, B. F. Davis* and *John E. Snyder* with him, for mechanic's lien creditors, appellees.

PER CURIAM, May 28, 1896:

Abraham Bitner was the owner of two pieces of land at and for some time before his assignment. Several dwelling houses and a greenhouse were erected on one of them, and the other seems to have been unoccupied. Hostetter had a judgment against Bitner which was the first lien on both lots. Then followed four other judgments which were liens on both lots. Bitner undertook to erect several new greenhouses on the second lot, and at about the time he began operations he procured from the four judgment creditors whose liens were subsequent to that of Hostetter a release of that lot from the lien of their judgments. Mechanics' liens were afterwards entered against the new greenhouses and the lot on which they were erected. Bitner assigned both lots for the benefit of his creditors and they have been sold by his assignee.

The question now raised is whether the mechanic's lien creditors have an equitable interest in the proceeds of the new greenhouse lot superior to that of the four judgment creditors who have released the lien of their judgments from it. The

learned judge of the court below held that theirs was the
superior equity. We think this was right. If the mechanics'
liens were not in their way the junior judgments might require
Hostetter to resort to his lien upon the new greenhouse lot in
aid of their judgments; but the mechanics' liens are in the way.
They have the superior equity.

The judgment is therefore affirmed.